Opinion for the court filed by PER CURIAM. Opinion concurring in part and dissenting in part filed by Circuit Judge NEWMAN.
*29 PER CURIAM.
The United States District Court for the Central District of California ruled, on summary judgment, that all of the claims of United States Patent No. RE39,084 (“the ’084 patent”) are invalid on the ground of obviousness. B-K Lighting, Inc. (“B-K Lighting”), the patentee, appeals. We affirm as to claims 5, 7, 8, and 23-31. As to claims 3, 12, 15, 18, 19, 21, and 22, the judgment is vacated, and we remand for further proceedings.
BACKGROUND
The invention is “an adjustable mount for sealed light fixtures that provides an easy to use mechanism for adjusting and setting the desired lighting angle for light emanating from the light fixture” while maintaining the integrity of the sealed light system. '084 patent col.2 11.52-55. The lighting mount is described as having a novel structure whereby the lighting angle can be easily moved and set in all directions during installation, allowing the installer to stand back and evaluate the lighting effect without the need for an iterative process of tightening and loosening the installation screws in order to change the lighting angle, or needing another person to hold the fixture in place while the lighting angle is evaluated before the installation is made permanent. The claims that include this feature are claims 3, 12, 15, 18, 19, 21, and 22 of the '084 patent, and this feature is described in those claims as a “first resistance means” that allows “frictional pivoting.” Claim 3 is typical. It provides:
An adjustable mount for a light fixture, comprising:
a support member connected to the light fixture, said support member having a first passageway there-through to allow passage of one or more electrical wires to said light fixture;
a base member having a second passageway therethrough and a base opening at one end of said base member, said base member pivotally connected at an end opposite said base opening to said support member, said second passageway connected to said first passageway in said support member to allow passage of said electrical wires;
first locking means for locking said support member to said base member;
a first seal between said base member and said support member to prevent entry of moisture and contaminants;
a stud member having an upper end, a lower end and a stud opening through said stud member, said upper end of said stud member in said base opening and rotationally interacting therewith, said lower end of said stud member configured to connect to a source of electrical power, said stud opening connected to said second passageway in said base member to allow passage of said electrical wires from said source of electrical power to said base member;
second locking means for locking said base member to said stud member; and
a first resistance means for limiting free pivotal movement of said base member relative to said support member, wherein said first resistance means comprises a tapered opening in said support member and a tapered post in said base member, said tapered opening sized and configured to receive said ta- *30 perecí post and allow frictional pivoting of said tapered post therein.
'084 patent col.6 11.32-67 (emphasis altered). B-K Lighting’s commercial embodiment of the patented mount has the model number 360HD. The accused in-fringer, Fresno Valves & Castings, Inc. (“FVC”), is a competitor of B-K Lighting.
After the '084 patent issued, B-K Lighting sued FVC for infringement and for unfair competition in the United States District Court for the Central District of California. FVC responded with defenses and counterclaims relating to, among other things, invalidity on the ground of obviousness. At the Marlcman hearing, the district court construed thirteen of the terms in the claims. Relevant to this appeal, the court construed the “first resistance means” as “a tapered opening in the support member and a tapered post in the base member, with the tapered opening sized and configured to receive the tapered post and allow frictional pivoting of the tapered post in the tapered opening and equivalents thei'eof,” and the court stated that this structure “limit[s] free pivotal movement of said base member relative to said support member.” B-K Lighting, Inc. v. Visions Lighting, No. CV 06-02825, 2008 WL 4811176, at *22, *25 (C.D.Cal. Mar. 13, 2008) (emphasis added). The parties agree that “frictional pivoting” is “shorthand” for “limiting free pivotal movement.”
Ultimately, the district court granted FVC’s motion for summary judgment of invalidity of all claims of the '084 patent on the ground of obviousness. B-K Lighting, Inc. v. Fresno Valves & Castings, Inc., No. 06-CV-02825, slip op. at 45 (CD.Cal. May 23, 2008) (“Summary Judgment Order”). The court concluded that the claims of the '084 patent would have been obvious in light of the combination of B-K Lighting’s prior 360SL model and the Hydrel Corporation’s 7100 Series Architectural Lighting System (“the Hydrel 7100”). Id. at 44 & n. 135.[1] Focusing in particular on the frictional pivoting limitation found in claims 3, 12, 15, 18, 19, 21, and 22, the court concluded that the Hydrel 7100 disclosed frictional pivoting and dismissed BK Lighting’s contrary expert declaration as conclusory. Id. at 29-34. The parties stipulated to dismissal without prejudice as to the other issues, and B-K Lighting-timely appealed the judgment of invalidity. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(1).
DISCUSSION
Summary judgment is appropriate when, drawing all justifiable inferences in the nonmovant’s favor, there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c)(2). We review the district court’s grant of summary judgment de novo. AquaTex Indus., Inc. v. Tech *31 niche Solutions, 479 F.3d 1320, 1328 (Fed.Cir.2007).
I
Before the district court, FVC cited several reference structures that, in combination, were argued to render the '084 claims obvious. With regard to claims 3, 12, 15, 18, 19, 21, and 22, the district court relied on the combination of B-K Lighting’s model 360SL and the Hydrel 7100. The parties do not challenge the selection of these references as the closest prior art. The 360SL is the foundation on which B-K Lighting built the 360HD, and it lacks certain features of the 360HD, including the tapered opening and tapered post whose design produces frictional pivoting. The Hydrel 7100 is a lighting mount that allows 180° vertical adjustment of the light fixture using a pivoting structure that employs a tapered post and a-tapered opening. The question of obviousness was focused on the differences between the combination of these prior art devices and claims 3,12, 15, 18, 19, 21, and 22 of the '084 patent, and in particular whether the Hydrel 7100 disclosed frictional pivoting. On appeal, B-K Lighting principally asserts that claims 3, 12, 15, 18, 19, 21, and 22 would not have been obvious because the Hydrel device did not disclose frictional pivoting.
On summary judgment, the district court concluded that the Hydrel 7100 disclosed frictional pivoting. Although the court noted that the testimony of FVC’s expert, Dr. David Dornfeld (“Dornfeld”), and B-K Lighting’s expert, Dr. John D. Pratt (“Pratt”), conflicted regarding whether the Hydrel 7100 disclosed frictional pivoting, and that “at first blush this appears to be a ‘battle of the experts,’ ” id. at 31, the court disregarded Pratt’s testimony that the Hydrel 7100 did not disclose frictional pivoting. Therefore, the court held that the claims of the '084 patent containing the “first resistance means” requiring frictional pivoting would have been obvious in light of the combination of B-K Lighting’s own 360SL[1] and the Hydrel 7100.
In the device described in claims 3, 12, 15, 18, 19, 21, and 22 of the '084 patent, a support member, to which the lighting fixture is attached, contains a tapered opening that receives a tapered post from a base member. The tapered post pivots in the tapered opening, and an internal compression fit between the tapered opening and tapered post permits the light fixture to be adjusted and to remain in the adjusted position when released; this is the frictional pivoting of the “first resistance means.”
FVC’s expert, Dornfeld, stated in his expert declaration that tapers were known mechanical elements with known properties in common industry use for over a century: “A person of ordinary skill in the art would know that tapers have been used in the industry for years and are widely used for holding machine tools, as spindles for axles, or for any other application requiring a self-centering, self-locking shaft.” J.A. 1411. Addressing the Hydrel 7100, Dornfeld stated:
It is my opinion that Hydrel discloses a first resistance means. Hydrel has a self-releasing taper: a tapered opening in one half of the support member is sized and configured to receive a tapered post in the base member, and allows for infinite adjustment under load. The tapered post can fiictionally pivot in the tapered opening. The self-releasing taper allows for infinite vertical adjustment through 180 degrees while under heavy load.
J.A. 1399 (emphasis added). Thus, “Hy-drel ... disclose[s] the first resistance means explicitly, and as claimed in the '084 *32 patent.” J.A. 1411. Dornfeld stated that it “would require only the use of common sense and creativity to combine the tapered opening and* post of ... Hydrel” with other prior att references to obtain the '084 patent. Id. He also noted that by using the “well-known taper element,” “the result obtained is predictable, as each element functions in the way that it would be expected to.” Id.
On the other hand, B-K Lighting’s expert, Pratt, stated that “there is no disclosure of frictional pivoting and no tapered opening in the support member as required by the court’s claim construction” in the Hydrel 7100. J.A. 2847. He opined that because Hydrel employs a self-releasing taper, it “appears to teach away from frictional pivoting and suggests that the tapered surfaces may instead be involved in a locking function.” Id. Thus, according to Pratt, “the first resistance means element is not disclosed in Hydrel, and this element is not an obvious variation from that disclosed in Hydrel.” Id. As such, Pratt concluded that “the 360SL in view of Hydrel does not meet the elements of claims 3,12, and 15.” J.A. 2858.
The district court disregarded Pratt’s declaration, calling it “conclusory” and “factually unsupported.” Summary Judgment Order, slip. op. at 31-32. It is not clear, however, why the court found Pratt’s declaration any more conclusory than Dornfeld’s. Both experts based their opinions on the same data sheets for the Hydrel 7100. This conflict in expert declarations regarding whether the Hydrel 7100 disclosed frictional pivoting created a genuine issue of material fact that made summary judgment inappropriate. See, e.g., Metro. Life Ins. Co. v. Bancorp Servs., LLC, 527 F.3d 1330, 1338-39 (Fed.Cir.2008); Helifix Ltd. v. Blok-Lok, Ltd., 208 F.3d 1339, 1351-52 (Fed.Cir.2000); Optical Disc Corp. v. Del Mar Avionics, 208 F.3d 1324, 1338-39 (Fed.Cir.2000); Cont’l Can Co. USA v. Monsanto Co., 948 F.2d 1264, 1269 (Fed.Cir.1991). Because the conflicting testimony of the parties’ experts regarding whether the Hydrel 7100 disclosed frictional pivoting created a genuine issue of material fact, we vacate the district court’s judgment of invalidity for claims 3, 12,15,18,19, 21, and 22 of the '084 patent.
II
As for the claims that do not include the “first resistance means” that provides the frictional pivoting, B-K Lighting argues that other limitations, appearing in one or more of claims 5, 7, 8, and 23-31, distinguish the prior art. We have considered B-K Lighting’s arguments on these limitations, and conclude that absent inclusion in the claims of the means that requires frictional pivoting, the district court’s ruling has not been shown to be incorrect. Accordingly, the judgment of invalidity as to these claims is affirmed.
The case is affirmed in part, vacated in part, and remanded for further proceedings in accordance with this opinion.
AFFIRMED IN PART, VACATED IN PART, and REMANDED.
COSTS
No costs.

. The district court also concluded after reviewing “B-K's cursory arguments regarding secondary considerations” that such evidence was not sufficient to overcome "FVC’s strong showing of obviousness.” Summary Judgment Order, slip op. at 44. The separate opinion concurring in part and dissenting in part deems this approach erroneous. But, "as we have often held, evidence of secondary considerations does not always overcome a strong prima facie showing of obviousness.” Asyst Techs., Inc. v. Emtrak, Inc., 544 F.3d 1310, 1316 (Fed.Cir.2008); see, e.g., Agrizap, Inc. v. Woodstream Corp., 520 F.3d 1337, 1344 (Fed.Cir.2008) ("In this case, the objective evidence of nonobviousness simply cannot overcome such a strong prima facie case of obviousness.”); Leapfrog Enters., Inc. v. Fisher-Price, Inc., 485 F.3d 1157, 1162 (Fed.Cir.2007) (finding "no basis to disagree with the district court's conclusion” that "given the strength of the prima facie obviousness showing, the evidence on secondaiy considerations was inadequate to overcome a final conclusion that claim 25 would have been obvious").